UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ORTIZ-TORRES,<br><br>                    Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV, Warden,<br><br>                    Respondent. | ) 1:11-cv—00964-SKO-HC<br>)<br>) ORDER DISMISSING THE PETITION FOR<br>) PETITIONER'S FAILURE TO FOLLOW A<br>) COURT ORDER AND PROSECUTE THE<br>) ACTION (DOCS. 1, 15, 16)<br>)<br>) ORDER DIRECTING THE CLERK TO<br>) CLOSE THE ACTION<br>)<br>) |

Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 17, 2011 (doc. 3), and on behalf of Respondent on June 24, 2011 (doc. 5).

Pending before the Court are two orders to show cause why the action should not be dismissed that issued to Petitioner from this Court on October 25, 2012, and October 30, 2012.

I.   Petitioner's Failure to Update His Address Information

On October 23, 2012, Respondent submitted a notice to the

1 Court that upon the return to Respondent of a notice that had
2 been sent to Petitioner on October 8, 2012, in the ordinary
3 course of this proceeding, counsel for Respondent contacted
4 prison authorities and was informed that Petitioner was released
5 from custody at the Taft Correctional Institution (TCI).  In
6 response, the Court issued orders to show cause that granted
7 Petitioner fourteen days to respond with updated address
8 information and an explanation for what appeared to be a previous
9 failure to provide the Court with an updated address in violation
10 of Local Rule 183(b).  On November 20, 2012, the Court received
11 notice that the first order to show cause, which was served on
12 Petitioner by mail on October 25, 2012, had been returned as
13 undeliverable because the addressee was not at the institution.
14     In determining whether to dismiss an action for lack of
15 prosecution, the Court must consider several factors: (1) the
16 public's interest in expeditious resolution of litigation; (2)
17 the Court's need to manage its docket; (3) the risk of prejudice
18 to the respondents; (4) the public policy favoring disposition of
19 cases on their merits; and (5) the availability of less drastic
20 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
21 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).
22     The Court finds that the public's interest in expeditiously
23 resolving this litigation and the Court's interest in managing
24 the docket weigh in favor of dismissal because this case has been
25 pending since June 2011.  The Court cannot hold this case in
26 abeyance indefinitely based on Petitioner's failure to notify the
27 Court of his address.  The third factor, risk of prejudice to
28 respondents, also weighs in favor of dismissal, since a

presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, Petitioner was repeatedly warned that his delay in informing the Court of current address information constituted a failure to comply with an order and rule of the Court pursuant to Local Rule 110, and that a failure to respond within fourteen days would result in dismissal of the petition for Petitioner's failure to prosecute and comply with the rules and orders of the Court.  Given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

    II.  <u>Disposition</u>

    Accordingly, the action is DISMISSED without prejudice for Petitioner's failure to prosecute and to follow an order of the Court.

    The Clerk is DIRECTED to close the case because this order terminates the action in is entirety.

IT IS SO ORDERED.

**Dated:   November 21, 2012**            /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE